UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

DIANA BURNS,

    Plaintiff,

v.

                                  Case No._____

ADITYA BIRLA CHEMICALS
(USA) LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff Diana Burns ("Plaintiff") brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendant to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6. The Defendant in this case, Aditya Birla, violated the FLSA by failing to pay Plaintiff time and one half for all of her hours worked over forty (40) each week.

## **PARTIES**

7. Aditya Birla Chemicals (USA) LLC is a foreign limited liability company that belongs to the Aditya Birla Group, a $48 billion company with dealings in a number of sectors, including metals, textiles, carbon black, telecom and cement.

8. Defendant employed Plaintiff as an Administrative Assistant from on or about May 20, 2017 until July 2019.

9. Plaintiff initially worked in Defendant's Charlotte, North Carolina office located at 7421 Carmel Executive Park, Suite 305, Charlotte, North Carolina 28226.

10. In early 2019, Defendant moved its North Carolina office to Florence, Kentucky. Plaintiff continued working for Defendant from her home in South Carolina.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

12. Venue is proper in the Eastern District of Kentucky because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendant's principal place of business is located in this District. In particular, Defendant's principal place of business is located at 7310 Turfway Road, Suite 550, Florence, Kentucky 41042.

## COVERAGE

13. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

14. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

15. At all material times during the last three years, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all material times during the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    (a)    Engaged in commerce; or

    (b)    Engaged in the production of goods for commerce; or

    (c)    Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, equipment and/or office supplies).

**FACTUAL ALLEGATIONS**

17. Defendant, Aditya Birla, has a common pay policy and/or pay practice which fails to pay certain non-exempt employees at a rate of time and one-half their regular rate of pay for hours worked in excess of forty (40) per week.

18. Plaintiff was hired as an Administrative Assistant in March 2017 at a gross annual salary of $32,000. In her position as Administrative Assistant, Plaintiff reported directly to the Office Manager.

19. Plaintiff typically began working at or around 8:00 a.m. and worked until 6:00 to 8:00 p.m. Monday through Friday. Plaintiff also worked on Saturdays from eight to ten hours per day.

20. In her position as Administrative Assistant, Plaintiff's job duties included filing documents, tracking delivery times and purchase orders, checking and processing expenses, and putting information into a spreadsheet to track orders.

21. Plaintiff's job duties did not include exempt work.

22. Defendant improperly misclassified Plaintiff as exempt from overtime.

23. Defendant failed to record all of the hours worked by Plaintiff.

24. Plaintiff routinely worked in excess of forty (40) hours per week as part of her regular job duties.

25. In fact, the "office hours" or "schedule" required to be worked by Plaintiff resulted in a total of more than forty (40) hours per workweek.

26. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff overtime compensation at a rate of time and a half of his/their regular rate of pay for hours worked over forty (40) in a workweek.

27. Upon information and belief, Defendant had/has a company-wide policy of failing to pay certain non-exempt employees proper overtime compensation for all of their overtime hours worked.

28. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and those similarly situated to her.

29. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

30. Defendant has acted willfully in failing to pay Plaintiff, and those similarly situated to her, in accordance with the law.

## **COUNT I - RECOVERY OF OVERTIME COMPENSATION**

31. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1–30 above.

32. Plaintiff is entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

33. Defendant misclassified Plaintiff as exempt from overtime compensation.

34. During her employment with Defendant, Plaintiff regularly worked overtime hours but were not paid time and one-half compensation for same.

35. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

36. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

37. Plaintiff is entitled to recover attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, Diana Burns, demands judgment against Defendant, Aditya Birla Chemicals (USA) LLC, as follows:

A. The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by her for which Defendant did not properly compensate her;

B. Liquidated damages;

C. Reasonable attorneys' fees and costs incurred in this action;

D. Pre- and post-judgment interest as provided by law;

E. Trial by jury on all issues so triable;

F. Any and all further relief that this Court determines to be appropriate.

**RESPECTFULLY** submitted this 31st day of October, 2019.

*/s/ David Noble*
DAVID NOBLE
Morgan & Morgan, Kentucky PLLC.
333 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 219-4529
Facsimile: (859) 367-6146
Email: dnoble@forthepeople.com